UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN FINCH,

    Plaintiff,

vs.                              CASE NO.:

DIWA, LLC, d/b/a AMERICA'S BEST
VALUE INN AND SUITES, a Florida
Limited Liability Company, and
BHARAT PATEL, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, John Finch, by and through the undersigned attorney, sues the Defendants, DIWA, LLC, d/b/a America's Best Value Inn and Suites, a Florida Limited Liability Company, and Bharat Patel, Individually, and alleges:

1. Plaintiff, John Finch, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, John Finch was an employee who worked at Defendants' property within the last three years in Brevard County, Florida.

3. Plaintiff, John Finch, worked for Defendants as an hourly paid employee earning an hourly rate of $15.50 per hour.

4. Plaintiff, John Finch, worked as a Maintenance Man and Bar Manager for Defendants.

5. At all times material to this cause of action, Plaintiff, John Finch, was a non-exempt employee and therefore entitled to overtime wages for any and all

overtime hours worked.

6. Defendant, DIWA, LLC, is a Florida for profit Corporation that operates and conducts business in Brevard County, Florida and is therefore, within the jurisdiction of this Court.

7. According the Florida Division of Corporation, DIWA, LLC lists its principal address as 250 Breckenridge Circle SE, Palm Bay, Florida 32909.[1] See www.Sunbiz.Org

8. Defendant, DIWA, LLC conducts business operations at 4431 West New Haven Ave, Melbourne, Florida 32904.

9. Defendant, DIWA, LLC, operates as hotel offering free WiFi, an outdoor pool, business center, an onsite ATM, meeting facilities, and other various other hotel amenities to its guests.

10. At all times relevant to this action, Bharat Patel was an individual resident of the State of Florida, who owned and operated DIWA, LLC, and who regularly exercised the authority to: (a) hire and fire employees of DIWA, LLC; (b) determine the work schedules for the employees of DIWA, LLC, and (c) control the finances and operations of DIWA, LLC. By virtue of having regularly exercised that authority on behalf of DIWA, LLC, Bharat Patel is/was an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, DIWA, LLC,

---

[1] DIWA, LLC's principal address appears to be a residential address when viewed using Google Maps.

earned more than $500,000.00 per year in gross sales.

14. Defendant, DIWA, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, DIWA, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as sheets and bedding, soaps/shampoos, premium television channels, televisions, hairdryers, ironing boards, irons, cleaning supplies, and other tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, DIWA, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff, John Finch, is individually covered under the FLSA.

### FLSA Violations

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

19. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Specifically, Plaintiff's official paycheck would never exceed forty (40) hours per week, or eighty (80) hours per two week pay period.

21. Any hours worked in excess of forty (40) were paid in cash.

22. Overtime hours paid in cash were paid at a rate lower than Plaintiff's $15.50 hourly rate.

23. Plaintiff is entitled to the full time and one-half his regular rate of pay for all hours worked in excess of forty (40) per week. $15.50 x 1.5 = $23.25 per Overtime Hour.

24. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

25. The undersigned counsel has made efforts to resolve this matter without litigation but has been unsuccessful. Specifically, the undersigned counsel sent certified correspondence to Defendants seeking pay and time records and inviting dialogue to resolve the matter. Said correspondence went ignored.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above as though stated fully herein.

28. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

30. Instead, Plaintiff was paid a reduced rate in cash for overtime hours worked.

31. Specifically, Defendants would not compensate Plaintiff any more than forty (40) hours on his paycheck and pay any remaining wages in cash.

32. Defendants have failed provide accurate overtime compensation for numerous pay periods.

33. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

34. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

35. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, John Finch demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 5 day of February, 2020.

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff